IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PIERRE JOHNNY,<br><br>                Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY IMMIGRATION AND CUSTOMS ENFORCEMENT AND YORK COUNTY PRISON,<br><br>                Defendants. | CIVIL ACTION<br><br>No. 11-6559 |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                                                **March 6, 2012**

      Presently before the Court is Defendant's Motion to Dismiss Plaintiff, Pierre Johnny's ("Johnny"), Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and the Response by Johnny. For the reasons set forth below, this Motion will be denied without prejudice and the case will be transferred to the United States District Court for the Middle District of Pennsylvania.

**I.      BACKGROUND**

      Johnny is a detainee of the Department of Homeland Security Immigration and Customs Enforcement and housed at the York County Prison in York, Pennsylvania. (Compl. ¶ 3.) Upon entering the facility on July 22, 2011, Johnny had various medical devices confiscated. (Id.) Johnny suffers back pain from inflammatory muscle spasms. (Id. at 5) He uses a back brace for support and muscle creams to alleviate the pain. (Id. at 6.) Johnny claims that the prison officials have confiscated these items for periods of time. (Id. at 8-9.) He alleges that this has

led to extreme pain and difficulty getting out of bed. (Id. at 8.) On November 4, 2011, Johnny filed suit, pursuant to the Federal Tort Claims Act, against the Department of Homeland Security Immigration and Customs Enforcement and the York County Prison claiming medical negligence, inadequate medical assistance, harassment and official misconduct. (Compl. at p. 3.)

**II.   DISCUSSION**

Before deciding the Defendants' Motion, we find it necessary to consider whether the United States District Court for the Eastern District of Pennsylvania is the proper venue. In a civil action, venue is proper if it is "within a judicial district in which any defendant resides" or a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1) & (2). In this case, neither condition applies. None of the Defendants reside in the Eastern District of Pennsylvania. Furthermore, the events at issue occurred at the York County Prison in York, Pennsylvania, which is located in the Middle District of Pennsylvania.

Congress has recognized the hardships of conducting legal proceedings in inconvenient venues and explicitly empowered the district courts with the power to change venue. Under 28 U.S.C. § 1404(a), "[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." See Kephart v. U.S., 242 F. Supp. 469, 472 (E.D. Pa. 1965) (Federal Tort Claims Act proceeding in which a change of venue was ordered to where acts occurred, witnesses were located, interest of justice was best served and to prevent the waste of time, energy and money). Additionally, courts are particularly mindful of the convenience of state officials. See Glickenhaus v. Lytton Financial

Corp., 205 F. Supp. 102, 106 (D. Del. 1962).  Where the circumstances warrant a change of venue, courts have utilized the power to transfer venue *sua sponte*.  See Nation of Islam v. Pa. Dep't of Corr.'s, No. WL 529546, at 2 (W.D. Pa. Feb. 1, 2012) (court transferred venue *sua sponte*); Robinson v. Town of Madison, 752 F. Supp. 842, 846 (N.D. Ill. 1990) (court's authority to transfer cases under 28 U.S.C. § 1404(a) does not depend on a motion, stipulation or consent of the parties).  We find that the United States District Court for the Middle District of Pennsylvania is the most convenient venue and best serves the interests of justice.  For these reasons the Defendants' Motion to Dismiss is denied without prejudice and, venue is hereby transferred to the proper venue, the United States District Court for the Middle District of Pennsylvania.

      An appropriate Order follows.